## Case No. 5,266.

### GASTREL et al. v. CYPRESS RAFT.

[2 Woods, 213.] [1]

Circuit Court, E. D. Louisiana. April Term, 1876.

ADMIRALTY—TITLE TO LOGS IN NAVIGABLE RIVER.

A court of admiralty has not jurisdiction to try the question of title to certain logs which have been incorporated into a raft and floated down a public navigable river.

[Cited in Muntz v. Raft of Timber, 15 Fed. 557. Distinguished in Seabrook v. Raft of Railroad Cross Ties, 40 Fed. 597.]

[Appeal from the district court of the United States for the Eastern district of Louisiana.]

Wm. Grant, for libellants.

W. W. Howe, for claimants.

WOODS, Circuit Judge. Libellants [Gastrel & Raymond] allege that they are the owners of a certain tract of land in Mississippi; that the claimants wrongfully entered thereon, and without consent of libellants, cut one hundred and forty cypress logs, and caused them to be incorporated into a raft and floated down the Mississippi river and navigated to the city of New Orleans, where they now lie in said raft, and pray that a warrant of arrest may issue against the raft and the one hundred and forty trees or logs of cypress timber incorporated therein, and that the possession and ownership of said logs may be adjudged to libellants according to the course of admiralty.

Objection is raised to the jurisdiction of the court of admiralty over this cause. The suit is not brought upon a maritime contract, or to enforce a maritime lien, or to secure possession of or establish title to the raft. But it is to obtain possession of one hundred and forty logs which libellants aver are their property, having been cut from their land, and incorporated with other logs in the raft and floated down the Mississippi river to New Orleans. Has this court jurisdiction to try the title to the logs claimed by libellants, and incidentally the title to the land from which they were cut, because they have with other logs been formed into a raft and floated down a public navigable river?

The case of Jones v. Coal Barges [Case No. 7,458] was a libel against a barge loaded with coal, to recover damages for a collision. Grier, J., said: "The subject of dispute proposed by the libel is a collision between two coal barges loaded with coal. They are not 'ships' or 'vessels' in the mari-

time sense of the terms. They do not take out a coasting license. They are generally mere open chests or boxes of small comparative value, which are floated by the stream, and sold for lumber at the end of their voyage. A remedy in rem against such a vessel, either for its contracts or its torts, would not only be worthless, but ridiculous, and the application of the maritime law to the cargo and the hands employed to navigate her would be equally so. * * * Every mode of remedy and doctrine of the maritime law, affecting ships and mariners, may be justly applied to ships and steamboats, but could have no application to rafts and flatboats. A court of admiralty is not needed to try common law actions of trespass, nor to administer common law remedies in any form."

In the case of Tome v. Four Cribs of Lumber [Id. 14,083] it was held by Chief Justice Taney, that "rafts anchored in a stream, although it be a public navigable river, are not the subject matter of admiralty jurisdiction where the right of property or possession is alone concerned. Any assistance rendered to these rafts, even when in danger of being broken up or swept down the river, is not a 'salvage' service in the sense in which that word is used in the courts of admiralty. The district court therefore had not jurisdiction to issue the process by which the marshal was directed to take the property from the possession of the respondent; the controversy was proper for the decision of a court of common law, and the remedy of the owners to regain possession was an action of replevin, and not a libel in the district court; consequently its decree must be reversed and the libel also dismissed."

If these two decisions are law, and barges and rafts cannot be libeled in admiralty for either a collision or salvage, it would seem to follow conclusively that a libel will not lie to try the title to a part of the materials of which a raft is constructed, even though the raft may be found upon a public navigable river. The propriety of this ruling is made evident by the record in this case, for the main question to which nearly all the evidence is directed is the question of title to a tract of land on the Homochitto river, in Mississippi, from which it is alleged the cypress logs were cut; both libellants and claimants asserting title to the land, and essaying to establish title by the production of deeds and the evidence of witnesses as to the boundaries. Is this question proper for trial by a court of admiralty sitting in Louisiana?

In my judgment, the libellants have mistaken their remedy, which should have been a common law action of trespass, quare clausum fregit, or replevin, to recover possession of the logs. The opinion of this court is, therefore, that it is without jurisdiction in this case, and its judgment is that the libel be dismissed.