## MUNTZ and others *v.* A RAFT OF TIMBER.[*]

(*Circuit Court, E. D. Louisiana.*  January, 1883.)

JURISDICTION—RAFT—SALVAGE.

> In a case where a raft is adrift in a fog on the Mississippi river, in peril of loss and great damage to itself and to other property, where the persons on the raft in charge called for assistance, and services of a maritime character were rendered, and the court entertained and maintained jurisdiction of a libel for salvage, its decision need not be taken as holding that a raft is a vehicle of navigation, or can commit a maritime tort.
>
> *Tome* v. *Four Cribs Lumber*, Taney, 536, distinguished.

In Admiralty.  On petition for a rehearing.

*R. King Cutler*, for libelant.

*E. Warren*, for claimants.

PARDEE, J.  A rehearing is applied for on the authority of *Gastrel* v. *Cypress Raft*, 2 Woods, 213; *Jones* v. *Coal Barges*, 3 Wall. Jr. 53; *Tome* v. *Four Cribs Lumber*, Taney, 536.  The case in Woods' Reports was a claim made for the ownership of logs cut by trespassers on lands in Mississippi, and incorporated with other logs in the raft in controversy.  The case in Wallace, Jr., was one of collision between two barges.  Neither of these cases touches the question before the court.  The case in Taney, while it may declare the doctrine claimed by claimants' proctor in this case, seems to have been decided more upon the merits than upon the jurisdiction of the court.  The court says, however:

> " The result of this opinion is that rafts anchored in the stream, although it may be a public navigable river, are not the subject-matter of admiralty jurisdiction in cases where the right of property or possession is alone concerned."

It is not necessary to dispute this conclusion or any other in the Taney case, in order to maintain jurisdiction in this case.  Instead of a raft anchored, or one afloat, according to the usage of the trade, this case showed a raft adrift in a fog, in peril of loss and great damage to itself and to other property, where the persons on the raft and in charge called for assistance, and services of a maritime character were rendered.  The decision in this case need not be taken as holding that a raft is a vehicle of navigation, or can commit a maritime ort, or as being subject to any other obligations and responsibilities han a bale of cotton would be subject to under the same circumstances.

The petition for rehearing is refused.

[*]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.